## LINDSAY, GRACIE & CO. *v.* CUSIMANO.*

*(Circuit Court, E. D. Louisiana. May 8, 1882.)*

1. CHARTER-PARTY—CUSTOMARY DISPATCH.

The construction and explanation of the words in a charter-party, "to discharge with customary dispatch," as set forth in the opinion of the district judge in 10 FED. REP. 302, followed and adopted.

2. EVIDENCE OF THE WEATHER—UNITED STATES SIGNAL OFFICER'S RECORD.

As against all testimony given by witnesses as to the amount of rainfall, speaking of the weather without *memoranda* made at the time, the official record of the signal officer at this station, kept as a part of his official duty, is undoubtedly the best evidence on the subject.

Admiralty Appeal.

*Joseph P. Hornor* and *Francis W. Baker,* for libellants.

*Charles B. Singleton* and *Richard H. Browne,* for defendant.

PARDEE, C. J. The decision of this case in the district court, as reported in 10 FED. REP. 302, on the questions of law involved, is clear and, in my judgment, perfectly correct. As to the obligations of the charterers, arising under the stipulations of the charter-party, "to discharge with customary dispatch," I concur fully and adopt that decision.

On the facts I come to a different conclusion in regard to the actual rainfall, and the delays occasioned by rains. The cargo should have been discharged in five days. The ship arrived on Thursday, January 27th. Counting Friday, 28th, Saturday, 29th, Monday, 31st, Tuesday, February 1st, and Wednesday, February 2d, and the time for discharging had expired. The evidence offered by the respondents shows, outside of loose statements, such as "it rained nearly all the time," "there was much rain," etc., that there was no rain to hinder before Thursday, the third of February.

Courtrault, discharging clerk for the respondent, who kept a memorandum of the discharging, speaks of no rain to hinder until Thursday.

As against all testimony given afterwards by witnesses speaking of the weather, without memoranda made at the time, the official record of the signal officer at this station is offered. The signal station is not over a mile from the ship landing, and the record having been kept by a scientific officer as a part of his official duty, is undoubtedly the best evidence attainable on the subject. This record shows 11.29 of an inch fall of rain on Tuesday, February 1st, and otherwise no rain at all from January 27th to February 5th, inclusive.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

• Making, then, the most extreme allowance for rain, of one day, and it is clear that the cargo should have been wholly discharged, if "customary dispatch" had been used, on February 3d. All delays after that date were the result of the negligence of the respondent, and whether it "rained or shined," was Sunday or week-day, he should pay demurrage for every day thereafter until the ship was discharged.

Libellant should have judgment for eight days demurrage, at 30 pounds sterling per day, according to contract. Let a judgment be entered in favor of libellants for the equivalent of 240 pounds sterling in United States currency, and $97 for watchmen and tarpaulins, with 5 per cent. interest thereon from February 15, 1881, and costs of suit.